UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIELLE VLAHOS,                             ) | |
| Plaintiff,                          ) | |
| V.                                           ) | |
| ALIGHT SOLUTIONS BENEFIT PAYMENT SERVICES, LLC, JOHNSON CONTROLS, INC., and FIDELITY INVESTMENTS EMPLOYER BENEFITS SERVICES CORP.,                           ) | Case No.: 1:17-cv-12505-ADB |
| Defendants.                      ) | |

**<u>DEFENDANTS ALIGHT SOLUTIONS BENEFIT PAYMENT SERVICES, LLC AND JOHNSON CONTROLS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants Alight Solutions Benefit Payment Services, LLC and Johnson Controls, Inc. (individually "Alight" or "Johnson Controls" and collectively "Defendants"), respectfully submit the following Memorandum in Support of their Motion to Dismiss, stating as follows:

**I.     INTRODUCTION**

On October 26, 2017, Plaintiff Danielle Vlahos ("Ms. Vlahos" or "Plaintiff"), filed suit in state court alleging state law causes of action related to an employee pension benefit plan under which she claims to be a beneficiary. Defendants removed this case to federal court on December 19, 2017 because the plan at issue, the Johnson Controls Savings and Investment (401k) Plan ("Plan"), is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). Plaintiff has not contested the jurisdiction of this Court or the basis of the removal.

Plaintiff's claims should be dismissed with prejudice because: (1) the claims are preempted by ERISA; (2) Plaintiff failed to exhaust administrative remedies as required by ERISA and the Plan, and the deadline to do so has passed; and (3) even if administrative remedies had been exhausted and even if Plaintiff were granted leave to amend to assert an ERISA claim, Plaintiff's allegations do not state a plausible claim.

## II.   FACTUAL BACKGROUND

The relevant allegations pled in Plaintiff's Complaint and the information contained in the documents referenced in the Complaint are as follows:

Plaintiff was formerly married to Mark Vlahos ("Mr. Vlahos"), who was an employee of Johnson Controls. [Complaint, ¶ 5[1].] In connection with his employment at Johnson Controls, Mr. Vlahos was provided with a retirement savings account as defined in subsection 401(k) of the Internal Revenue Code, 29 U.S.C. § 401(k). [*Id*., ¶ 6.] Alight was the service provider for the 401(k) savings plan. [*Id.* at ¶ 7.]

Plaintiff filed for divorce from Mr. Vlahos on May 15, 2013. [*Id.* at ¶ 9.] Plaintiff claims that, on or about June 12, 2014, Mr. Vlahos' 401(k) account had a balance of approximately $125,000. [*Id*. at ¶ 10.] On November 5, 2014, Mr. Vlahos' 401(k) account had a balance of approximately $25,000. [*Id*. at ¶ 11.] Plaintiff alleges Defendants permitted Mr. Vlahos to withdraw approximately $100,000 from the 401(k) retirement account without providing her with any notice. [*Id*. at ¶ 13.] Plaintiff further alleges the Defendants should have protected her interests as a beneficiary to the 401(k) retirement account. [*Id*. at ¶ 16.]  Based on these allegations, Plaintiff asserts state law claims of breach of contract, breach of implied warranty, negligence, and breach of fiduciary duty against all Defendants.

---

[1] The Complaint was attached as Exhibit A to the removal petition. [Doc. 1-1.]

2

The Plan[2] contains a Limitation on Actions provision stating "[n]o claimant may commence a legal action or proceeding for benefits until after the claims and appeals procedures … have been exhausted." [Exhibit 1, pg. 59.] Plaintiff does not allege that she followed the claims and appeals procedures as set forth in the Plan. [*See generally*, Complaint.]

### III.   STANDARD OF REVIEW

The Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *see also Hannigan v. Bank of Am., N.A.*, 48 F. Supp. 3d 135, 140 (D. Mass. 2014) "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." *See Belanger v. BNY Mellon Asset Management, LLC*, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015); *see also Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (complaint must, at a minimum, give defendant fair notice of what the plaintiff's claim is and on what grounds it rests, and set forth facts as to who did what to whom, when, where, and why) (further citation omitted). Under Rule 8 of the Federal Rules of Civil Procedure, the notice pleading standard demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Papason v. Allain*, 478 U.S. 265, 286 (1986)). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 545).

---

[2] A copy of the Plan is attached as **Exhibit 1** and it is reviewable in the context of a Rule 12 motion because it was referenced in Plaintiff's Complaint and is integral to Plaintiff's claim. [*See* Complaint, Doc. 1-1, ¶ 6.]; *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000). Also, "courts may consider those documents the authenticity of which are not in dispute—such as public records, or documents substantially incorporated into a complaint by reference—without converting the motion into one for summary judgment." *Gallagher v. Gallagher*, No. CIV.A.12-40027-TSH, 2013 WL 752471, at *1 (D. Mass. Feb. 26, 2013).

Instead, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although this plausibility standard is not a "probability requirement," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a plaintiff pleads facts that are "merely consistent with" liability, the plaintiff "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Citing *Twombly*, the Supreme Court in *Iqbal* noted two working principles that underlie the standard for analyzing a motion to dismiss under Rule 12. *See Iqbal*, 556 U.S. at 678-679 (citing *Twombly*, 550 U.S. at 555-556). "First, the tenet that a court must accept as true all of the allegations contained in a complaint" does not require a court to accept the plaintiff's alleged "legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has held that a court considering a motion to dismiss filed under Rule 12(b)(6) must determine if the factual allegations in a plaintiff's complaint raise a right to relief above the speculative level. *Urman v. Novelos Therapeutics, Inc.*, 796 F. Supp. 2d 277, 281 (D. Mass. 2011) (citing *Twombly*, 550 U.S. at 555). Dismissal is appropriate if Plaintiff's facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted).

IV.     ARGUMENT

    1. PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA.

Plaintiff admits her husband participated in the 401(k) Plan "through his employment with Johnson Controls." [Complaint, ¶ 6; *see also* Plan attached as Exhibit 1.] An employee benefit plan under ERISA includes employee pension benefit plans like the 401(k) Plan at issue in this case. *See* 29 U.S.C. § 1002(2) and (34); *see e.g. Hogan v. Fid. Investments Institutional Operations Co.,* No. CIV.A. 12-11229-DPW, 2013 WL 1330480, at *1 (D. Mass. Mar. 29, 2013); *Columbia Air Servs., Inc. v. Fid. Mgmt. Tr. Co.*, No. CIV.A. 07-11344-GAO, 2008 WL 4457861, at *1 (D. Mass. Sept. 30, 2008); *Hochberg v. Mage, LLC 401 K Profit Sharing Plan*, No. CIV.A. 11-12266-RGS, 2012 WL 1065859, at *1 (D. Mass. Mar. 27, 2012).

ERISA and specifically Section 514(a) preempts and "supercede[s] any and all State laws insofar as they many now or hereafter *relate to* an employee benefit plan." *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 48 (1st Cir. 2000) (emphasis in original); s*ee also Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998); 29 U.S.C. § 1144(a). The Supreme Court interprets ERISA's preemption provision broadly. *Metropolitan Life Ins.,* 471 U.S. at 739. For ERISA preemption purposes, a state law or state cause of action is considered to "relate to" an ERISA plan and is deemed to be preempted "if it (1) has a 'connection with' or (2) 'reference to' such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97, 98 (1983); *see also, Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with clear congressional intent to make the ERISA remedy exclusive and is therefore preempted"). This Court has previously observed, when the underlying conduct at issue is connected to an employee benefit plan, state law claims

are preempted in their entirety. *See Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793 (1st Cir. 1995).

The Supreme Court has emphasized that preemption under ERISA is comprehensive and "conspicuous for its breadth." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). A state law does not have to be intended to govern ERISA to be superseded; rather, preemption occurs if the state law has "any connection with or reference to the plan." *Shaw*, 463 U.S. at 98. Here, Plaintiff's breach of contract and tort claims relate directly to the Plan, as she alleges she was a beneficiary of Plan benefits and Defendants were required to protect her right to the Plan benefits. Plaintiff's claims therefore directly reference and relate to the Plan and are preempted by ERISA.

State laws are even preempted when they provide relief that is unavailable under ERISA's civil enforcement provisions. *Ingersoll-Rand Co,* 498 U.S. at 139. The Supreme Court has held that the civil enforcement provisions of Section 502(a) (29 U.S.C. § 1132(a)) provide the exclusive remedies available under ERISA. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-147 (1985). Thus, the remedies sought in the Complaint (general damages including alleged financial hardship) are improper and preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 5 (1st Cir. 1999); *Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292 F.3d 57, 61 (1st Cir. 2002). The state law contract and tort claims asserted by Plaintiff are preempted and displaced by ERISA's civil enforcement scheme. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Danca* at 6; *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 54 (1st Cir. 2000).

Because all of Plaintiff's claims arise out from a claim for benefits under an ERISA-governed 401(k) Plan, her Complaint based on state law claims and remedies should be dismissed with prejudice.

### 2. PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff's Complaint should further be dismissed because she failed to exhaust her administrative remedies before filing this lawsuit. An ERISA plan participant is required to exhaust administrative remedies under the Plan before bringing suit to recover benefits. *Madera v. Marsh USA, Inc.*, 426 F.3d 56, 61 (1st Cir. 2005), *citing Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir.1998); *Drinkwater v. Metro. Life Ins. Co.*, 846 F.2d 821, 825 (1st Cir. 1988); *Wilson v. Globe Specialty Prod., Inc.*, 117 F. Supp. 2d 92, 98–99 (D. Mass. 2000), *citing McLean Hospital Corp. v. Lasher*, 819 F. Supp. 110, 123 (D.Mass.1993) ("Where the plaintiff makes an ERISA claim for benefits under a specific health insurance plan, the plaintiff must exhaust all administrative remedies before filing a federal lawsuit."). Not only is exhaustion a requirement under ERISA, but the Plan also explicitly states that "[n]o claimant may commence a legal action or proceeding for benefits until after the claims and appeals procedures … have been exhausted." [Exhibit 1, pg. 59.]

The exhaustion doctrine serves many important policy considerations, including: the reduction of frivolous litigation; the promotion of consistent treatment of claims; the provision of a non-adversarial method of claims settlement; the minimization of costs of claims settlement; a proper reliance on administrative expertise; and the development of a complete record for review by the courts. *See Tarr v. State Mut. Life Assur. Co. of Am.*, 913 F. Supp. 40, 44 (D. Mass. 1996); *Freeman v. MetLife Grp., Inc.*, 583 F. Supp. 2d 218, 224 (D. Mass. 2008), *quoting Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F.Supp. 278, 284 (D. Mass. 1987). A showing in the Complaint of exhaustion of administrative remedies is a requirement for a claim

of a denial of benefits under ERISA. *See Gordon v. AstraZeneca AB*, 199 F. Supp. 3d 325, 328 (D. Mass. 2016) (dismissing complaint pursuant to Rule 12(b)(6) due to a failure to exhaust administrative remedies where plaintiff was seeking benefits under a separation plan).

Here, Plaintiff fails to allege exhaustion of administrative remedies under the Plan before bringing suit. Plaintiff alleges only that her husband, Mr. Vlahos, from whom she "filed for divorce" on May 15, 2013, "had a 401k retirement account," with a balance of "approximately $125,000" on June 12, 2014 and a "balance of approximately $25,000" on November 5, 2014. [Complaint, ¶¶ 6, 9, 10, and 11.] Plaintiff contends merely that "she is entitled to a percentage of Mr. Vlahos' 401k retirement account" and that "Defendants allowed Mr. Vlahos to withdraw approximately $100,000" from the account "without any notice provided to his spouse, the Plaintiff." [*Id*. at ¶¶ 12 and 13.] Plaintiff fails to allege she was a participant in the Plan; the basis for her alleged entitlement to 401(k) benefits under the Plan; that she or Mr. Vlahos timely notified Defendants of her divorce; whether Defendants had knowledge of her alleged entitlement; or that she or Mr. Vlahos timely notified Defendants of her alleged entitlement. [*See generally*, Complaint.] Accordingly, Plaintiff has failed to allege that she even made a claim for benefits under the Plan, that Defendants denied her claim, or that she appealed a claim denial before bringing suit.

ERISA requires that "every employee benefit plan shall … afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). "The employee, in turn, is required to exhaust all administrative remedies before raising a claim in federal court." *Gordon*, 199 F. Supp. 3d at 328, *citing Medina v. Metro. Life Ins. Co*., 588 F.3d 41, 47 (1st Cir. 2009). "[C]laims for ERISA benefits must be dismissed if Plaintiffs fail to

exhaust administrative remedies." *Hamilton v. Partners Healthcare Sys.*, 209 F. Supp. 3d 397, 414, 2016 U.S. Dist. LEXIS 95469, *36-37, *citing Tetreault v. Reliance Standard Life Ins. Co.*, 769 F.3d 49, 51-2 (1st. Cir. 2014); *Fletcher v. Tufts Univ.*, 367 F. Supp. 2d 99, 117 (D. Mass. 2005) (granting dismissal of ERISA claim for failure to exhaust).

Further, failure to submit a claim at all is normally a failure to exhaust administrative remedies. *See Estate of Hale ex rel. Hale v. Prudential Ins. Co. of Am.*, 597 F. Supp. 2d 174, 180–81 (D. Mass. 2008); *Madera v. Marsh USA, Inc.*, 426 F.3d 56 (1st Cir. 2005); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993) ("[Claimant] may not make her first claim ... in this lawsuit but must follow proper procedures in filing a claim .... Since she has not exhausted her administrative remedies, the magistrate judge correctly dismissed her complaint."); *Walsh v. Life Ins. Co. of N. Am.*, 2007 WL 2343657, at *4 (D. Mass. 2007) ("Because [plaintiff] failed to file a claim for LTD benefits, she thus failed to exhaust administrative remedies."). Plaintiff does not allege that she ever made a claim to Defendants, let alone appealed a benefit denial, thus she has utterly disregarded ERISA's administrative review requirements designed to eliminate unnecessary lawsuits and encourage pre-litigation resolution.

Plaintiff's failure to exhaust deprived Defendants of the opportunity to review and her consider her claim in the first instance before being dragged into court. And she has deprived the Court of any record or benefit decision to review. Dismissal of Plaintiff's claim with prejudice would be appropriate because Plaintiff cannot cure her defect by filing a claim now. The Plan states that a claimant must submit a claim "in writing stating the nature of the claim, and the facts supporting the claim, the amount claimed and the name and address of the claimant … within 180 days of the date the first benefit payment is made under the Plan." [Exhibit 1, pg. 57.] The Plan further requires the claimant to submit "a written notice of appeal to the Plan

Policy Committee within 60 days … of receipt of the notice of claim denial." [*Id*. at 58.] Neither requirement was fulfilled here.

Although it is unclear from her Complaint, if Plaintiff is alleging that she was entitled to Plan benefits because of her divorce, she should have filed a claim within 180 days of the divorce, which she filed for in May 2013. [Complaint, ¶ 9.] However, Plaintiff does not allege that she filed a claim or appeal at all, and the deadlines for doing so have long passed. Plaintiff does not allege to have complied with the clear appeals procedures set forth in the Plan, and she cannot cure the defect in her failure to exhaust, thus dismissal of Plaintiff's Complaint should be with prejudice. *See e.g. Malke v. Metro. Life Ins. Co*., 2012 WL 6738250, at *1 (D. Mass. Dec. 27, 2012) ("Given that there is no possibility [plaintiff] can now meet his obligation to exhaust administrative remedies, the Clerk is directed to enter judgment dismissing this action with prejudice."); *Tarr, supra*, 913 F. Supp. at 44 (D. Mass. 1996) (dismissing case pursuant to Rule 12(b)(6)); *Mercado v. Cooperativa de Seguros de Vida de Puerto Rico*, 726 F. Supp. 2d 96, 104 (D. Puerto Rico 2010) (dismissing ERISA claim with prejudice on summary judgment due to failure to exhaust); *Giuffre v. Delta Air Lines, Inc.,* 746 F. Supp. 238, 240 (D. Mass. 1990) (same).

### 3. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM UNDER ERISA.

Plaintiff's Complaint should also be dismissed with prejudice because Plaintiff cannot assert a plausible claim under ERISA and leave to amend would be futile.

To state a claim for benefits under ERISA 29 U.S.C. § 1132(a)(1)(B), Plaintiff must plausibly allege that she was entitled to benefits under the terms of the ERISA plan. *See e.g. Curran v. FedEx Ground Package Sys., Inc*., 593 F. Supp. 2d 341, 344 (D. Mass. 2009) ("plaintiffs must set forth sufficient factual allegations to make plausible a conclusion that they fall within the terms of a particular ERISA plan and, thus, are entitled to seek to enforce those

Policy Committee within 60 days … of receipt of the notice of claim denial." [*Id*. at 58.] Neither requirement was fulfilled here.

Although it is unclear from her Complaint, if Plaintiff is alleging that she was entitled to Plan benefits because of her divorce, she should have filed a claim within 180 days of the divorce, which she filed for in May 2013. [Complaint, ¶ 9.] However, Plaintiff does not allege that she filed a claim or appeal at all, and the deadlines for doing so have long passed. Plaintiff does not allege to have complied with the clear appeals procedures set forth in the Plan, and she cannot cure the defect in her failure to exhaust, thus dismissal of Plaintiff's Complaint should be with prejudice. *See e.g. Malke v. Metro. Life Ins. Co*., 2012 WL 6738250, at *1 (D. Mass. Dec. 27, 2012) ("Given that there is no possibility [plaintiff] can now meet his obligation to exhaust administrative remedies, the Clerk is directed to enter judgment dismissing this action with prejudice."); *Tarr, supra*, 913 F. Supp. at 44 (D. Mass. 1996) (dismissing case pursuant to Rule 12(b)(6)); *Mercado v. Cooperativa de Seguros de Vida de Puerto Rico*, 726 F. Supp. 2d 96, 104 (D. Puerto Rico 2010) (dismissing ERISA claim with prejudice on summary judgment due to failure to exhaust); *Giuffre v. Delta Air Lines, Inc.,* 746 F. Supp. 238, 240 (D. Mass. 1990) (same).

### 3. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM UNDER ERISA.

Plaintiff's Complaint should also be dismissed with prejudice because Plaintiff cannot assert a plausible claim under ERISA and leave to amend would be futile.

To state a claim for benefits under ERISA 29 U.S.C. § 1132(a)(1)(B), Plaintiff must plausibly allege that she was entitled to benefits under the terms of the ERISA plan. *See e.g. Curran v. FedEx Ground Package Sys., Inc*., 593 F. Supp. 2d 341, 344 (D. Mass. 2009) ("plaintiffs must set forth sufficient factual allegations to make plausible a conclusion that they fall within the terms of a particular ERISA plan and, thus, are entitled to seek to enforce those

terms under § 1132(a)(1)(B)"). Plaintiff has not alleged under what basis she would be entitled to Mr. Vlahos' 401(k) benefits, other than an unnamed Massachusetts law, which would likely be preempted by ERISA. Under ERISA, plan administrators are obligated to manage ERISA plans in accordance with the documents and instruments governing the plans. 29 U.S.C. § 1104(a)(1)(D). That is what Defendants have done here. Plaintiff has not and cannot allege that Defendants failed to follow the terms of the Plan or other documents governing the Plan.

As stated above, Plaintiff does not allege that she was a participant in the Plan and does not assert that she timely notified Defendants of her alleged entitlement to benefits through her relationship with Mr. Vlahos. She does not allege that she (or anyone) timely notified Defendants that she was married to Mr. Vlahos, that she was divorced from Mr. Vlahos, or that she was somehow entitled to the 401(k) benefits. Certainly if those facts existed, she would have alleged them in her Complaint. Without any notification that Plaintiff was purportedly entitled to 401(k) benefits, Defendants were under no obligation to maintain a portion of Mr. Vlahos' 401(k) benefits for her. Defendants only had knowledge that Mr. Vlahos was a Plan participant and thus administered his 401(k) account in accordance with his request within the terms of the 401(k) Plan. Allowing Plaintiff leave to amend her Complaint would be futile because she cannot assert that Defendants had knowledge of any possible entitlement to the 401(k) benefits. Thus Defendants' actions with respect to Mr. Vlahos' 401(k) account were appropriate and consistent with ERISA and the terms of the Plan. Plaintiff's Complaint should therefore be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

**Defendants Alight Solutions Benefit Payment Services, LLC and Johnson Controls, Inc.**

By their attorneys,

/s/ Patrick M. Curran
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
One Boston Place, Suite 3220
Boston, MA  02110
Tel: (617) 994-5700
Fax: (617) 994-5701
patrick.curran@ogletreedeakins.com

Dated:  January 25, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

32695439.3